# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION

## CIVIL NO.  1:04CV27

| | | |
|---|---|---|
| MINUTE MAN ANCHORS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | **O R D E R** |
| | ) | |
| OLIVER TECHNOLOGIES, INC., | ) | |
| and JAMES OLIVER, an | ) | |
| individual, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**THIS MATTER** is before the Court on the Defendants' motion for certification of an immediate interlocutory appeal from the Memorandum and Order entered August 5, 2005.  The motion is denied.

Title 28 U.S.C. § 1292(b) provides for the immediate interlocutory appeal of an order when the district court is "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and [] an immediate appeal . . . may materially advance the ultimate termination of the litigation[.]"  The undersigned is not of such an opinion for several reasons.

First, the Defendants do not articulate specific reasons in support of their motion; rather, they set forth generalized statements of law which purportedly support an immediate appeal. The primary contention is that Evon Oliver is an indispensable party due to her status as an owner of the patent at issue in this case. This contention completely ignores the ruling of the undersigned that she has disclaimed her interest in pursuing the litigation.

> Evon testified that she is represented by the same attorney as James and that her interests are adequately protected by her husband and that attorney. Evon did not believe that, at the time of the [cease and desist] letters, Minute Man's product actually infringed her patent but would relinquish that decision to the patent attorneys.

**Memorandum and Order, filed August 5, 2005, at 22.** Moreover, Evon was provided the opportunity to intervene in this action but chose not to do so. This choice evidences either her lack of interest in pursuing the litigation or her reliance on the advice of her husband's attorney, or both. In either event, the undersigned cannot find this presents a "controlling question of law as to which there is substantial ground for difference of opinion[.]"

Nor is an immediate appeal likely to enhance the ultimate resolution of this matter. It is far more likely that an immediate appeal would only serve to increase the cost of attorneys' fees to the parties and delay any resolution.

*See, e.g., James v. Jacobson*, 6 F.3d 233, 237 (4th Cir. 1993) ("[P]iecemeal review of decisions that are but steps toward final judgments of the merits are to be avoided, because they can be effectively and more efficiently reviewed together in one appeal from the final judgments.").

**IT IS, THEREFORE, ORDERED** that the Defendants' motion for 28 U.S.C. § 1292(b) certification is hereby **DENIED**.

**Signed: November 7, 2005**

Lacy H. Thornburg
United States District Judge