# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION

### CIVIL NO. 1:04CV27

| | |
|---|---|
| MINUTE MAN ANCHORS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | **O R D E R** |
| ) | |
| OLIVER TECHNOLOGIES, INC., ) | |
| and JAMES OLIVER, an individual, ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on the Plaintiff's motion to dismiss the Defendants' counterclaims.

## I. PROCEDURAL HISTORY

On February 11, 2004, Plaintiff Minute Man Anchors, Inc. (Minute Man) filed this action for declaratory judgment of noninfringement of a patent owned by Defendant James Oliver (Oliver) and licensed to Defendant Oliver Technologies, Inc. (OTI). In addition, Plaintiff seeks a declaration that the patent is invalid. The Defendants filed an answer on September 26, 2004, in

which the following counterclaims were raised: (1) declaratory judgment of infringement; (2) a cause of action for misrepresentation in violation of 15 U.S.C. § 1125(a); (3) a claim for unfair and deceptive trade practices, in violation of North Carolina law; (4) the same claim brought pursuant to Tennessee law; (5) the same claim brought pursuant to Ohio law; (6) a claim for tortious interference with business in violation of North Carolina, Tennessee and Ohio laws; and (7) a claim for defamation.

## II. FACTS

The complaint alleges that on October 21, 2003, United States Patent No. 6,634,150 (the '150 patent) was issued to James and Evon Oliver for an invention called "A Foundation with Lateral Brace for Manufactured Home." OTI is the non-exclusive licensee of the patent and uses it in its manufacture and sale of the product described in the invention. Minute Man manufactures anchors and bracing systems for manufactured homes, including a product known as the "lateral bracing system." In the complaint, Minute Man seeks a declaration that its product does not infringe the patent and also that the patent is invalid.

In the counterclaim, the Defendants allege that sometime during the week of November 29, 2004, George Wachter, an employee of Minute Man, made "false, misleading and inaccurate statements" to officials of the Toledo office of the Ohio Department of Health concerning the Defendants' outrigger system, its capabilities, use, and acceptance in the industry. Although it is not explained why, apparently these statements were made at the "Country Meadows Mobile Home Park in Shelby County, Shelby, Ohio." It is undisputed that the product involved in the counterclaims is a different product than the one covered by the patent.

### III. STANDARD OF REVIEW

Federal Rules of Civil Procedure provide in pertinent part:

> A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.

**Fed. R. Civ. P. 13(a).** In a declaratory judgment action seeking a declaration of non-infringement of a patent, a counterclaim for patent infringement involving the same patent is compulsory, and if not raised, is waived. ***Polymer***

*Indus. Prod. Co. v. Bridgestone/Firestone, Inc.*, **347 F.3d 935 (Fed. Cir. 2003).** The first counterclaim raised in this case seeks a declaration of infringement as to the same patent at issue in the complaint. It is a compulsory counterclaim properly made in the case.

Federal Rule of Civil Procedure 13(b) addresses permissive counterclaims which are defined as "any claim against an opposing party not arising out of the transaction or occurrence that is the subject matter of the opposing party's claim." **Fed. R. Civ. P. 13(b).** Each of the other counterclaims involves a different product and claims related only to that product. Thus, each of these counterclaims raised by the Defendants is permissive.

"Although Rule 13(b) encourages a party to advance all of his counterclaims in the responsive pleading, the court has discretion to refuse to entertain any counterclaim, when allowing it would unduly complicate the litigation[.]" **6 Fed. Prac. & Proc. Civ.2d § 1420.** Here, none of the permissive counterclaims involves the patent at issue; indeed, it does not appear clear that the product involved in the counterclaims is covered by any patent. And, the permissive counterclaims all involve the comments of one individual made in the state of Ohio about a product which is not involved in

this case. The Court cannot find that allowing these counterclaims would result in judicial or litigation economy. Indeed, "allowing Defendants to add these counterclaims would entirely change the focus of this case and, potentially, prejudice the Plaintiff." *Magnesystems, Inc. v. Nikken, Inc.*, 933 F. Supp. 944, 952 (C.D. Cal. 1996). The addition of these counterclaims would clearly complicate, prolong, and delay these proceedings. *Aviation Materials, Inc. v. Pinney*, 65 F.R.D. 357, 358 (N.D. Okla. 1975) (citing *Texas Co. v. Borne Scrymser Co.*, 68 F.2d 104 (4th Cir. 1933)); *accord*, *Agar Corp. v. Multi-Fluid, Inc.*, 1998 WL 425474 (S.D. Tex. 1998). The declaratory judgment action involves the issue of the validity and infringement of the '150 patent. To add claims involving an unrelated product along with fraud, misrepresentation, defamation and unfair trade practices related to that product, and not the patented product, would unduly complicate this case. *Aviation Materials, supra*; *Rosemont Enter., Inc. v. Random House, Inc.*, 261 F. Supp. 691 (S.D.N.Y. 1966) (A permissive counterclaim may be dismissed where it would make a "shambles" of an already complicated suit.); *United Card Co. v. Joli Greeting Card Co.*, 1976 WL 21103 (N.D. Ill. 1976). Moreover, "[b]ecause of the high risk of jury confusion, the Court would likely sever these actions well before trial." *Magnesystems, supra.* Thus, the

addition of the claims, while making discovery more complicated and prolonged, would be futile in the end. In fact, the addition appears to be a heavy handed attempt to intimidate.

## IV. ORDER

**IT IS, THEREFORE, ORDERED** that the Plaintiff's motion to dismiss Defendants' Counterclaims II through VII is **ALLOWED**, and the same are hereby **DISMISSED WITHOUT PREJUDICE**.

**Signed: December 21, 2005**

*[signature]*

Lacy H. Thornburg
United States District Judge