# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL NO. 1:04CV27

| | |
|---|---|
| MINUTE MAN ANCHORS, INC., )<br>)<br>Plaintiff, )<br>)<br>Vs. )<br>)<br>OLIVER TECHNOLOGIES, INC., )<br>and JAMES OLIVER, an )<br>individual, )<br>)<br>Defendants. )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Plaintiff's motion to strike portions of the Defendants' "Joint Claim Construction and Prehearing Statement."

On November 28, 2005, the undersigned entered a Pretrial Order and Case Management Plan which contained language proposed by the parties. Specifically, Section III, paragraph E, of that Order provides as follows:

> The parties shall complete and file a joint Claim Construction and Prehearing Statement on or before May 22, 2006. This pleading shall contain, 1) the parties' proposed construction of those claim terms, phrases, and clauses on which the parties agree; 2) each party's proposed construction of each disputed claim term, phrase, or clause, together with a description of all

evidence (both intrinsic and extrinsic evidence) supporting the proposed construction; 3) the anticipated duration of the Claim Construction hearing; 4) the identity of each witness whose testimony will be offered during such hearing together with a summary of the witness' intended testimony.

**Pretrial Order and Case Management Plan, filed November 28, 2005, at 5.** The Order then provides deadlines for the submission of claim construction briefs.

Although it would appear obvious that the above language intended a short statement of agreement versus disagreement, that is not what happened. The Joint Claim Construction statement was not meant to be the brief that would later be filed in support of the parties' various contentions; it was meant to be a short, concise statement of that on which the parties agree and disagree. The Court agrees with the Plaintiff that the Defendants took the opportunity to provide far more information and argument than was meant to be included in this rather standard document.

However, it is not necessary to strike the language. That would only require an additional period within which the Defendant should file the proper statement. The Court is capable of ignoring that which was not meant to be placed in the document. But counsel is urged, in the future, to comply with the standard format used in patent cases for the Joint Claim Construction statement.

**IT IS, THEREFORE, ORDERED** that the motion to strike is **DENIED** as unnecessary.

Signed: June 21, 2006

Lacy H. Thornburg
United States District Judge